**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HOLLY SPENCER and
GAVIN SPENCER,

       Plaintiffs,                     CASE NO.: 8:14-cv-2072-JSM-EAJ

vs.

CAPSTONE CREDIT & COLLECTIONS, LLC,

       Defendant.

---

**MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**
**AND AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiffs Holly and Gavin Spencer, through counsel, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure hereby request the Court to enter a default final judgment against Capstone Credit & Collections, LLC and in support thereof state:

1. The Court has personal and subject matter jurisdiction over this case and the parties named in this case. Plaintiffs are natural persons residing in Pasco County, Florida. *See* D.E. 1, ¶¶ 4-5.

2. Defendant Capstone Credit & Collections, LLC ("Capstone") is a business that has engaged in the collection of a consumer debt, as defined in 15 U.S.C. § 1692(a) and Florida Statute § 559.55, and transacted business within Pasco County satisfying personal jurisdiction. *See* D.E. 1, ¶ 6.

3. The Court has subject matter jurisdiction based on 28 U.S.C. § 1331 (federal question). Both Plaintiffs make claims under the Fair Debt Collection Practices Act ("FDCPA") which confers this court with jurisdiction. 15 U.S.C. § 1692k(d).

4. Both Plaintiffs also make claims under the Florida Consumer Collection Practices Act ("FCCPA"). The Court has supplemental jurisdiction to hear Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. The instant suit was initiated on or about August 25, 2014. *See* D.E. 1.

6. Defendant was properly served with process on November 7, 2014 as reflected in the Return of Service filed with the Clerk. *See* D.E. 7.

7. On December 5, 2014, Plaintiffs moved the Clerk of Court to enter a Default against Capstone. *See* D.E. 8.

8. On December 8, 2014, the Clerk of Court entered a Default against Capstone. *See* D.E. 9.

9. To date, Capstone has failed to file any responsive pleading as required by law.

10. As the Middle District of Florida has stated:

> "A default judgment may be entered against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue. All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted."

*Smith v. Royal Oak Financial Services, Inc.*, No. 3:11-cv-543-J-34JRK 2012 WL 3290153 at *2, (M.D. Fla. June 18, 2012) (internal citations and quotations omitted).

11. Here, as in *Smith*, Capstone has failed to file anything with the Court and has not appeared before the Court.

12. Since a default was entered against Capstone, all of the well-pleaded allegations are deemed admitted and the Court is tasked with determining whether the well-pleaded allegations of the Complaint state a claim upon which relief can be granted. *Smith*, 2012 WL 3290153 at *2.

## FACTUAL BACKGROUND

13. Plaintiffs had rented an apartment for themselves and subsequently breached a written lease with the landlord.  D.E. 1, ¶¶ 7, 11.

14. The lease contained a liquidated damages clause elected by the Plaintiffs in which a pre-determined amount of $569.00 was agreed upon if Plaintiffs chose to breach the lease.  D.E. 1, ¶ 9.

15. The apartment complex utilized Defendant Capstone in an effort to collect the debt.  D.E. 1 ¶ 14.  Capstone had possession of the Plaintiffs' lease documents at all times during which it engaged in collection activity.  *Id*. at ¶ 15.  As such, Capstone had actual knowledge of the liquidated damages provision.

16. Despite this knowledge, Capstone attempted to collect a balance in excess of the agrees upon amount.  Capstone sent Plaintiffs two letters both claiming that Plaintiffs owed $8,963.46.  D.E. 1, Exs. B and C.

17. The letter from Capstone on March 20, 2014 broke down the amount due stating 1) $1,138.00 for October and November rent; 2) "Balance of Lease" in the amount of $3,414.00; and 3) Collection Costs of $ 3,586.46.  D.E. 1, ¶¶ 18 -19.

## PLAINTIFFS' FDCPA CLAIMS

18. Based on the above facts, both Holly Spencer and Gavin Spencer, whom Capstone was attempting collect a debt from, state claims under the FDCPA; specifically 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.  D.E. 1, ¶¶ 25, 29.

19. The claims are based on two violations: (i) attempting to collect an improper and unconscionable percentage fee as a collection cost; and (ii) misrepresenting the amount of the debt due.

20. Here, Defendant attempted to add a collection fee of approximately 40% of the (improper) amount allegedly owed to the apartment complex. D.E. 1, ¶¶ 18-20.

21. While the lease did allow for collection costs to be collected, a percentage based collection cost was not authorized nor was it agreed upon. *See* D.E. 1, Ex. A. Charging a percentage rate for collections, and passing that cost on to the consumer, without the consumer's agreement to such a provision violates 15 U.S.C. § 1692f(1).

22. Specifically, the Eleventh Circuit has stated that a debt collector violated the FDCPA by attempting to charge a 33-and-1/3% collection fee when there was no contractual agreement to pay such an amount. *Bradley v. Franklin Collection Service, Inc.*, 739 F. 3d 606, 610 (11th Cir. 2014).

23. Like *Bradley*, the collection costs in this case appear to be assessed before Capstone obtained the account. *See* D.E. 1, Ex. B. The clause at issue in this case has similar wording to the one decided in *Bradley*. Specifically, Plaintiffs agreed with the Landlord that "Landlord shall be entitled to recover *costs of collection* even in the event that there is no judgment." D.E. 1, Ex. B (emphasis added). In *Bradley*, the Eleventh Circuit stated "As such, the 33-and-1/3% fee breaches the agreement between [plaintiff] and [creditor], since, contractually, [plaintiff] was only obligated to pay the 'costs of collection.'" *Bradley*, 739 F. 3d at 610.

24. Moreover, Capstone attempted to collect an amount that was far in excess of what Plaintiffs' actually owed pursuant to the liquidated damages clause of the lease. [D.E. 1, ¶¶ 25, 29]. This misrepresentation of the amount of debt owed by Plaintiffs triggers a violation of 15 U.S.C. § 1692e(2) as to both Gavin Spencer and Holly Spencer.

25. Specifically, under Section 1692e(2)(A), a debt collector may not falsely represent the character or amount of any debt. 15 U.S.C. §1692e(2)(A). Here Capstone is attempting to collect an amount that greatly exceeds the express agreement between Plaintiffs and the original creditor. *Compare* D.E. 1, Ex. A p.4 with D.E. 1, Exs. B and C. As stated in Exhibits B and C of the Complaint, Capstone is attempting collect $8,963.46. *Id*.

26. Exhibit A of the Complaint clearly states that the landlord would be entitled to no more than $569.00 "as liquidated damages or an early termination fee, if [Plaintiffs] elect to terminate the rental agreement, and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession." [D.E. 1, Ex. A].

27. However, Capstone clearly attempts collect the "Balance Of Lease" in the amount of $3,414. [D.E. 1, Ex. B]. This amount far exceeds the liquidated damages clause that was originally agreed to by Plaintiffs and is in violation of 15 U.S.C. § 1692e(2).

28. Section 1692k(a)(2) provides for an award of statutory damages up to $1,000 for a violation by a debt collector with respect to "any person." 15 U.S.C. § 1692k(a)(2). Here, Defendant's collection efforts were directed towards both Holly and Gavin Spencer. Moreover, the collection activity engaged in by Capstone is egregious - both in charging an excessive and unconscionable percentage collection fee as well as claiming a balance due that greatly exceeded the amount in the lease. As such, Plaintiffs respectfully request an award of $1,000 to Holly Spencer and an award of $1,000 to Gavin Spencer for Capstone's violation of the FDCPA.

**PLAINTIFFS' FCCPA CLAIMS**

29. In addition to the federal claims, Plaintiff also state claims under the FCCPA. D.E. 1, ¶¶ 31 – 38.

30. Defendant violated Florida Statute § 559.72(9), which prohibits claiming, attempting or threatening to enforce "a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Capstone had possession of Plaintiffs' lease and, thus, had actual knowledge of the liquidated damages provision. D.E. 1, ¶¶ 33,37. Capstone knew any amount above the agreed liquidated damages was not legitimate. *Id*.

31. The language of the FCCPA regarding damages parallels that of the FDCPA. Section 559.77 provides for statutory damages not to exceed $1,000. Gavin and Holly Spencer - both debtors - are entitled to an award of statutory damages. Given the egregious nature of Defendant's collection activity, Plaintiffs respectfully request an award of $1,000 to each Plaintiff.

**ATTORNEY'S FEES AND COSTS**

32. Both the FDCPA and FCCPA provide for the recovery of a prevailing plaintiff's attorneys fees. *See* 15 U.S.C. § 1692k(a)(3); Fla. Stat. § 559.77(2).

33. When determining attorney's fees, "the court calculates the lodestar which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area." *Smith*, 2012 WL 3290153 at *6.

34. The *Smith* court continued on and stated that "A reasonable hourly rate is the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The relevant legal community for purposes of determining a reasonable hourly rate is the place where the case is filed." *Id*.

35. The Court must look to the legal experience of the attorney handling the case to determine what an appropriate hourly rate is. *Renninger v. Phillips & Cohen Associates, Ltd.*, No. 8:10-cv-5-T-33EAJ 2010 WL 3259417 at *2 (M.D. Fla. Aug. 18, 2010).

36. Plaintiffs' counsel's standard rate, and the rate which is requested to be awarded here is $300 per hour. *See* Affidavit of Eric C. Roberson, ¶ 7, attached hereto as **Exhibit A**. Plaintiff's counsel expended 13.5 hours in representing the Plaintiffs in this matter. *Id*. at ¶ 12.

37. The requested rate is reasonable based on Plaintiff's counsel's experience, set forth below, and based on the precedent of this District. The undersigned has practiced law for nine years. In *Renninger*, the court noted that attorney's with five and six years of experience can charge a reasonable rate of $270.00 per hour and an attorney with sixteen years' experience can reasonably charge a rate of $338.00 per hour. *Renninger*, 2010 WL 3259417, *2. Similarly, this District has held that the reasonable hourly rate for an attorney with seven to eight years' experience was $300. *See Stone v. Nat'l Enterprise Sys.*, No. 6:08-cv-1523, 2009 WL 3336073, *5 (M.D. Fla. Oct. 15, 2009).

38. As set forth in the affidavit of Eric C. Roberson, Plaintiffs' counsel has practiced law since 2005. The undersigned is admitted to practice before all state and federal courts in Florida as well as the 11th Circuit Court of Appeals. Ex. A, ¶¶ 3, 8.

39. For almost 5 years, counsel practiced with McGuireWoods, LLP where he represented banks, debt collectors and other creditors in defending consumer claims including FDCPA and FCCPA actions. Ex. A, ¶ 4. At the time he left McGuireWoods, Mr. Roberson's standard rate for such matters was $390.00 per hour. *Id*.

40. From late 2011 through February 2014, Mr. Roberson practiced with a 4 attorney firm in Jacksonville, Florida. During that time, approximately 1/3 of his practice was devoted to representing consumers with claims such as the FDCPA and FCCPA. Ex. A, ¶ 5.

41. In February 2014, Mr. Roberson founded his own firm. Ex. A, ¶ 17. More than half of his current practice is devoted to representing consumers with claims such as the FDCPA and FCCPA. *Id.*

42. In addition, the Middle District of Florida has found that law clerks and paralegals can reasonably be billed at a rate of $100 per hour. *See Brazier v. Debt Recovery, Inc.*, No. 8:04-cv-1538T-23MSS 2005 WL 5950107 *2 (M.D. Fla. Oct. 4, 2005) (citing *Gray* for the proposition that $100.00 per hour is reasonable rate to bill a law clerk's time in an FDCPA case); *Gray v. Florida First Financial Group, Inc.*, 359 F. Supp. 2d 1316, 1320 (M.D. Fla. 2005) (Court set the hourly rate for a law clerk at $100.00 per hour on motion for attorney's fees in a FDCPA case); *Thomas v. Arm WNY, LLC*, No. 3:14-cv-360-J-39MCR 2014 WL 6871654 *9 (M.D. Fla. Dec. 3. 2014) (In the FDCPA context, the reasonable hourly billing rate of paralegals and law clerks are $95 to $100 in the Middle District of Florida); *Ehmann v. Continental Cas. Co.*, No. 8:07-cv-2197-T-30EAJ 2009 WL 1956686 *1 (M.D. Fla. July 7, 2009) (The rate of $100 per hour is a reasonable rate for a law clerk, under the circumstances).

43. The law clerk employed by Plaintiffs' counsel is a third year law student in the top 30% of his class. Ex. A, ¶ 16. He has been with the firm since June of 2014. *Id.* Based upon his skill and experience, a reasonable hourly rate, according to the Middle District of Florida, is $100.00 per hour. To date, the law clerk has spent 11.2 hours working on Plaintiffs' case.

44. Finally, Plaintiffs' seek recovery of costs expended in connection with the instant suit. 15 U.S.C. §1692k(a)(3) permits the recovery of the costs of action. Specifically the *Brazier*, *Gray*, and *Thomas* courts have all granted the recovery of costs associated with the filing of an FDCPA lawsuit. *See Brazier*, 2005 WL 5950107 at *3; *Gray*, 359 F. Supp. 2d at 1320; *Thomas*, 2014 WL 6871654 at *9.

45. The associated costs with this action are as follows: 1) Filing fee of $400; 2) Service of Process fee of $55. Ex. A, ¶ 15.

46. In total, Plaintiffs seek recovery of $9,625.00. This amount consists of:

    (i)   $4,000 in statutory damages ($1,000 per plaintiff under both the FDCPA and FCCPA);

    (ii)  Attorney's fees of $4,050;

    (iii) Law clerk fees of $1,120; and

    (iv)  Costs of $455.

WHEREFORE, Plaintiffs respectfully request the entry of final default judgment by the Court for the reasons and in the amounts set forth herein.

Dated: December 29, 2014           **ERIC C. ROBERSON, P.A.**

                                   By: */s/ Eric C. Roberson*
                                       Eric C. Roberson
                                       Florida Bar No. 0014649
                                       2064 Park St.
                                       Jacksonville, FL 32204
                                       (904) 404-8800
                                       (904) 517-8387 (fax)
                                       eric@robersonlawjax.com
                                       *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on December 29, 2014, I electronically filed the foregoing with the Clerk of the Court and sent a copy of this Motion by US Mail:

Capstone Credit & Collections, LLC
c/o Doug Cullaro, Registered Agent
120 Lutz Lake Fern Rd. W
Lutz, Florida 33548


             */s/ Eric C. Roberson*