UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HOLLY SPENCER and**
**GAVIN SPENCER,**

    **Plaintiffs,**

v.                                      Case No.  8:14-cv-2072-T-30EAJ

**CAPSTONE CREDIT & COLLECTIONS,**
**LLC,**

    **Defendant.**
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiffs Holly Spencer and Gavin Spencer's Motion for Default Judgment and Attorney's Fees against Defendant Capstone Credit & Collections, LLC (Dkt. 10).  The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On August 25, 2014, Plaintiffs Holly Spencer and Gavin Spencer filed the instant action against Defendant Capstone Credit & Collections, LLC under the Fair Debt Collections Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act

("FCCPA"). The complaint seeks, among other things, statutory damages and reasonable attorney's fees and costs under the FDCPA and the FCCPA (Dkt. 1).

On December 8, 2014, a Clerk's Default was entered against Capstone for its failure to respond to the complaint or otherwise file an appearance in this action (Dkt. 9). Plaintiffs now move for a default final judgment in the amount of $9,625.00 for the following damages: (1) $1,000 statutory damages under the FDCPA per Plaintiff; (2) $1,000 statutory damages under the FCCPA per Plaintiff; (3) $4,050.00 in attorney's fees; (4) $1,120.00 in law clerk fees; and (5) $455.00 in costs. The Court concludes that Plaintiffs are entitled to a judgment in the amount of $6,105.00.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v.*

Case 8:14-cv-02072-JSM-EAJ Document 11 Filed 01/09/15 Page 3 of 4 PageID 65

*Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Plaintiffs' FDCPA claim and supplemental jurisdiction over Plaintiffs' FCCPA claim. Also, the complaint's allegations are sufficient to state a claim under the FDCPA and the FCCPA. Plaintiffs seek statutory damages in the amount of $1,000 under each statute; the Court reduces this amount to a statutory award of $250 under each statute.

The Court concludes that Plaintiffs' request for attorney's fees in the amount of $4,050.00 and costs in the amount of $455.00 is reasonable. The law clerk's hours, however, are unreasonable under the circumstances. The Court reduces the law clerk's hours from 11.2 hours to 6 hours; thus, law clerk fees are awarded in the amount of $600.00.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs Holly Spencer and Gavin Spencer's Motion for Default Judgment and Attorney's Fees against Defendant Capstone Credit & Collections, LLC (Dkt. 10) is granted in part and denied in part as stated herein.

2. The Clerk of Court is directed to enter **FINAL JUDGMENT** in the amount of **$6,105.00** in Plaintiffs' favor and against Defendant. This amount shall accrue interest at the federal statutory rate.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

3.      The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 9, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-2072.mtdefaultFJ.wpd